UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BURKS,

                              Plaintiff,

v.                                                                          ORDER

CITY OF YONKERS, et al.,                               19-cv-01152 (PMH)

                              Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      This *pro se* action brought pursuant to 42 U.S.C. § 1983 was filed on February 6, 2019. (Doc. 2). On April 17, 2019, Judge Román issued an Order of Service which also directed Corporation Counsel for defendant the City of Yonkers to identify the John Doe police officers named in the complaint within 60 days thereafter. (Doc. 6). Plaintiff was directed to file an amended complaint naming the John Does within 30 days after their identification. (*Id.*). On June 14, 2019, Corporation Counsel wrote a letter identifying the John Does (Doc. 9), and on June 25, 2019, defendant the City of Yonkers filed an answer to the complaint. (Doc. 10).

      Since then, two show cause Orders were issued, directing plaintiff to show cause why this action should not be dismissed for want of prosecution. (Docs. 11, 14). Specifically, on March 13, 2020, Judge Román issued an Order to Show Cause why this action should not be dismissed with prejudice for want of prosecution which was mailed to plaintiff by the Clerk's Office. (Doc. 11). No response to that Order to Show Cause was filed, and the mailing was returned to the Clerk's Office. On June 29, 2020, I issued an Order*, inter alia*, reminding plaintiff that the Court may dismiss this action if he fails to notify the Court in writing of a change in address and advising plaintiff that failure to respond to the Court's Order will result in dismissal of his case. (Doc. 12). That mailing was also returned to the Clerk's Office. On July 23, 2020, in light of plaintiff's failure

1

to respond to the Court's Orders and to update his address, I issued an Order to Show Cause why this action should not be dismissed with prejudice for want of prosecution which was mailed to plaintiff at multiple addresses by the Clerk's Office. (Doc. 14).

On August 26, 2020, plaintiff responded to the Order to Show Cause by letter advising of an updated mailing address. (Doc. 15). The Court issued a memo endorsement on plaintiff's letter, extending *nunc pro tunc* to October 23, 2020 plaintiff's time to file an amended complaint pursuant to the Court's Order of Service (Doc. 6) to name the John Doe defendants identified in the City's response to Valentin Order (Doc. 9). Plaintiff has not filed an amended complaint or otherwise taken any steps to advance this action.

Accordingly, plaintiff's complaint (Doc. 2) is deemed the operative pleading in this action. The parties are directed to confer on a schedule to complete discovery and file the proposed plan at least one week before the date of the initial conference to be scheduled by the Court. The Court will separately docket a Notice of Initial Conference.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff.

SO-ORDERED:

Dated: New York, New York
       November 9, 2020

_____
Philip M. Halpern
United States District Judge